86 F.3d 1155
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary FARMER; Douglas D. Bennett, Plaintiffs-Appellants,
v.
CITY OF HAZEL PARK; Keith Hunt; Susan M. Lancaster,
Defendants-Appellees,
John Engler, et al., Defendants.
 No. 95-1928.
 United States Court of Appeals, Sixth Circuit.
 May 29, 1996.
 
 Before: KRUPANSKY, DAUGHTREY, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 These pro se litigants appeal a district court judgment dismissing their civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, a declaratory judgment and injunctive relief, Gary Farmer and Douglas Bennett sued the City of Hazel Park, Michigan, an assistant city attorney (Susan Lancaster), and a judge for the 43rd Judicial District of Michigan (Keith Hunt, J.) in their individual capacities. The plaintiffs claimed that Judge Hunt violated their civil rights by denying their motion to have plaintiff Bennett represent plaintiff Farmer in a city ordinance violation proceeding. The plaintiffs also claimed that the defendants conspired to interfere with their civil rights and interfered with a contractual relationship between the plaintiffs.
 
 
 3
 Upon consideration of defendants' motion for summary judgment and plaintiffs' response, the district court granted summary judgment and awarded sanctions in favor of the defendants.
 
 
 4
 In their timely appeal, plaintiffs reassert the claims set forth in the district court and contend that the district court erroneously imposed sanctions against them.
 
 
 5
 On appeal, this court reviews a judgment granting summary judgment de novo and uses the same test as used by the district court. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993); Deaton v. Montgomery County, Ohio, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993).
 
 
 6
 We conclude that the district court properly granted summary judgment in favor of the defendants and imposed sanctions against the plaintiffs for the reasons set forth in the district court's order dated August 3, 1995. Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3).